## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELINDA CRANDALL and BENJAMIN CRANDALL,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Docket No. 31)**<br><br>Case No.  2:11-cv-00497-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This Court read the Motion and Memoranda submitted for and against Plaintiffs' Motion to Compel Production of Documents (Docket No. 31) and grants in part and denies in part that Motion.[1]  While Plaintiffs did not complete the meet and confer process required by Rule 37 before filing this Motion, the Court will proceed to rule on those parts of the request where the parties did engage in a meet and confer.  For the remaining portions of the discovery requests, the Court invites the parties to complete the meet and confer process and then file a Motion to Compel or a Motion for a Protective Order as appropriate.

**Privilege Log & Confidentiality**

Where a party asserts it need not produce otherwise discoverable documents because a privilege protects them, the party must prepare a privilege log and supply it to the other side.

---

[1] On February 24, 2011, District Judge Dee Benson referred this case to Magistrate Judge Brooke C. Wells under 28 U.S.C. section 636(b)(1)(A).  (Docket No. 16.)  On May 21, 2012, this referral was reassigned to Magistrate Judge Evelyn J. Furse.  (Docket No. 29.)  On October 10, 2012, this case was reassigned from Judge Benson to newly appointed District Judge Robert J. Shelby.  (*See* Docket No. 39.)  The Court determined it can decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

Fed. R. Civ. P. 26(b)(5)(A); *Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, No. 1:05-CV-64, 2010 WL 1901776, *5 (D. Utah May 10, 2010); *see also Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (approving of decision finding waiver of privileges by failure to provide a privilege log in a timely manner).  The rules require a log so the opposing party may assess the assertion of privilege and determine whether to challenge it in court.

    In this case, American Family Mutual Insurance Company ("American Family") asserted privilege to several requests but provided no privilege log because it claimed the material withheld is not otherwise discoverable.  As set forth below, Plaintiffs have made a number of requests for discoverable documents.  To the extent American Family has withheld documents from these requests, it must produce a privilege log within 14 days of this Order's entry, move for a protective order as to why it should not have to produce a privilege log,[2] or waive its privileges.

    American Family also asserts confidentiality as a basis not to produce documents responsive to a number of requests.  Rule 26 explicitly requires a party seeking to avoid discovery of confidential material to move for a protective order.  Fed. R. Civ. P. 26(c).  To the extent the parties cannot reach agreement on such materials after a meet and confer and this Court has ordered their production as set forth below, American Family must move for a protective order within 14 days of entry of this Order.

---

[2] American Family quotes the notes to the 1993 amendments to Rule 26, highlighting the need to file for a protective order if a party believes a privilege log would place it under an undue burden.  (Opp'n 19.)  To the extent American Family asserts the privilege log causes it an undue burden, it should file for a protective order explaining the situation and requesting relief from the requirement.

**Incomplete Meet and Confer**

American Family Objects to the Motion to Compel as to document request numbers 59-60, 64-68,71-72, 76-78, and 88-91 because in an April 24, 2012 letter from the Crandalls' attorney, the Crandalls appear to concede these document requests relate solely to the bad faith insurance claim, which the parties agreed to bifurcate from the contract claim.  The Crandalls insisted on responses to these requests for the first time in a May 24, 2012 letter and filed this Motion the following day without any discussion with American Family on these claims.  The Court does understand that discovery was set to end May 28, 2012, a holiday.  However, under Federal Rule of Civil Procedure 6(a)(1)(C), Plaintiffs could have waited until Tuesday, May 29, 2012 to file the motion and allow for a meet and confer.  On this basis the Court denies the Motion to Compel as to these document requests.  To the extent the Crandalls continue to seek responses to the requests, they must engage in a meaningful meet and confer with American Family and file a renewed Motion to Compel on any remaining disputes within the 14 days following this Order's entry.

**Conceded Request**

On April 18, 2012, American Family's attorney e-mailed the Crandalls' attorney and agreed that request 70 pertained to the contract claim.  American Family, nonetheless, asserted objections in its response to the document request because it related solely to the bad faith claim.  Given that the request seeks any documents intended for impeachment, it could certainly relate to the contract claim.  This Court orders American Family to produce responsive documents within 14 days of this Order's entry.  It may withhold documents it intends to use solely in the bad faith part of the case.  The Court reminds American Family that a failure to produce

documents properly requested may result in their exclusion from trial.  Fed. R. Civ. P.
37(b)(2)(A)(ii).

**Overlapping Bad Faith and Breach of Contract Requests for Production**

      The Parties stipulated to bifurcating not only trial, but also discovery.  (Order Granting
Stipulated Mot. to Bifurcate, Apr. 19, 2012, Docket No. 23.)  Other courts have denied motions
to bifurcate discovery in bad faith and breach of contract cases because of doubts about the
efficiency of bifurcated discovery.  *See, e.g., Zachwieja v. Am. Fam. Mut. Ins. Co.,* No. 2:09-CV-
99, 2009 WL 819371, at *3 (D. Utah March 27, 2009); *Trujillo v. Am. Fam. Mut. Ins. Co.,* No.
1:08-CV-36, 2009 WL 440638, at *5 (D. Utah Feb. 20, 2009).  Given the preference to provide
liberal discovery and the difficulty of separating information that may lead to relevant evidence
on the breach of contract claim from that on the bad faith claim, this Court orders American
Family to respond to the following document requests within 14 days of this Order's entry:  58,[3]
69,[4] 73, 79-80,[5] 82-85.

**Bad Faith Requests for Production**

      The Court denies the Crandalls' Motion as to request numbers 86 and 87 as these
requests seek a broad swath of documents related to American Family's compensation programs
and philosophy.  Other document requests will provide the Crandalls with documents related to

---

[3] The Court limits requests 58, 79, and 80 to documents from 2007 through 2011 to limit
any undue burden or invasion of privacy of the employees.  Given that the accident occurred on
June 26, 2008, and the Crandalls filed the lawsuit in May 2011, documents that may lead to
relevant evidence would most likely fall within this period.  On request number 58, if no
employee involved with Ms. Crandall's claims received any CIP payments between 2007 and
2011, American Family need only state as much in its response and produce no other
information.

[4] To the extent the asserted defense pertains only to the bad faith claim, American Family
does not need to produce documents related to that defense.

[5] *See* note 3, *supra*.

the compensation of the employees involved with their claim. That discovery should provide any sufficient impeachment material or other information likely to lead to admissible evidence on the breach of contract claim. Broader discovery about companywide compensation pertains solely to the bad faith claim. The parties have agreed and the Court has ordered that such discovery not proceed until after trial on the breach of contract claim.

**Dr. Goldman Documents**

Dr. Goldman performed an Independent Medical Exam of Ms. Crandall in 2009 and wrote two reports on her. Document requests 61 and 62 seek materials regarding Dr. Goldman's communications and payments regarding Ms. Crandall. Both requests seem well within the scope of discovery on the breach of contract claim. The Court orders these documents produced within 14 days of entry of this Order.

**Underwriting Request**

Document request 63 seeks information relating to American Family's underwriting. In the April 24, 2012 letter, the Crandalls' counsel requests such information only if American Family intends to assert underwriting defenses. American Family responded to the request by stating among other objections, "information and documents related to the underwriting file are not relevant to this action." Thus, American Family would seem to concede that it does not intend to assert underwriting defenses to the breach of contract claim. For that reason, the Court sees no need to compel a response to the request. Should American Family intend to assert underwriting defenses to the breach of contract claim, it should amend its response within 14 days of entry of this Order.

**No Objection Posed**

While the Crandalls moved to compel responses to document requests 75 and 92, American Family made no objection to these requests.  The Crandalls have not put forth any evidence to doubt American Family's response.  The Court denies the motion as to these requests.

**Sanctions**

Given that this Court granted the motion in part and denied the motion in part, it will not sanction either side.

<u>CONCLUSION</u>

The Court GRANTS the Motion to Compel as to the following document requests and ORDERS responses to them within 14 days of entry of this Order: 58, 61-62, 69-70, 73, 79-80, 82-85.  The Court FURTHER ORDERS American Family to produce a privilege log for any documents requested by these discovery requests but withheld on a claim of privilege.  The Court DENIES the Motion to Compel as to the following document requests: 59-60, 63-68, 71-72, 75-78, and 86-92.  The Court DENIES the request for sanctions.

DATED this 13th day of November, 2012.

BY THE COURT:

EVELYN J. FORSE
United States Magistrate Judge